**Ervin VINCENT, etc., Appellant,**

v.

**FRUEHAUF CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 17, 1978.

John Frith Stewart, Rex Dunn, Louisville, for appellant.

William Kiel, Louisville, for appellees.

Before HOWERTON, LESTER and REYNOLDS, JJ.

HOWERTON, Judge.

This is a workmen's compensation case involving the single issue of whether an appeal from the Workmen's Compensation Board order was timely filed.

Appellant filed a claim with the Workmen's Compensation Board for a work-related injury. The Board issued an opinion and award on March 28, 1977. Thereafter, on April 4, 1977, the Board, on its own motion, corrected an error in the original award, and on April 7, 1977, mailed copies of the amending order to the parties involved. The appellant filed his petition on appeal on April 27, 1977, thirty days after the original March 28th order.

The question on this appeal is which date began the running of appellant's twenty-day period within which he could appeal.

In the facts presented by this appeal, we are faced with the question of whether rendition occurred on March 28th, when the Board rendered its original order, or whether final rendition occurred on April 7th, as alleged by appellant.

It is our conclusion that the period in which to take an appeal began on March 28th. The changes made by the Workmen's Compensation Board on its own motion were merely corrections. The errors were

obvious on the face of the original award. The March 28th order stated that the injury was sustained on July 23, <u>1973.</u> However, the order stated in the next paragraph that the Board found temporary, total disability from July 23, <u>1974</u> to January 7, 1974. Obviously, the period of disability did not run from July, 1974 to the preceding January, and obviously, the disability began on the date of the injury, not six months later. A mere correction of what appears to be in the nature of a typographical error, which in no way substantially harms the claimant, is not sufficient to restart the running of the period in which an appeal can be filed. The claimant was sufficiently aware of the award on March 28th to enable him to make a determination of whether or not he desired to appeal. The judgment of the trial court is affirmed.

All concur.